UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

NATASHA MATELJEVIC                    CIVIL ACTION NO.
                                      3:14-cv-557(AWT)
VS.

YALE UNIVERSITY                       AUGUST 25, 2014

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendant, Yale University ("the University"), moves pursuant to
Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiff's two-count
Complaint for retaliation in violation of 42 U.S.C. § 2000e-1 et seq. and
retaliation in violation of General Statutes § 46a-60 et seq.  The Counts are
based on claims that are untimely and no longer actionable; and they also fail
to state a prima facie case for retaliation.  Accordingly, they must be dismissed
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to
state claims upon which relief can be granted.

## I.    Background and Procedural History

### A.    Factual Background

The plaintiff, Natasha Mateljevic, alleges that in 2001, she came to the
University to obtain a graduate degree in Chemistry.  Complaint, ¶ 2.  She then

alleges that she met and became involved in a relationship with Raphael Crespo, then an East Windsor, Connecticut police officer, who became abusive and controlling.  *Id.,* ¶ 3.  She claims that he raped her on campus at gunpoint in 2004 and that he was arrested for rape, abuse and kidnapping, convicted at trial and sent to jail.  *Id.,* ¶¶ 3-4.

The plaintiff alleges that a "chain of retaliation" began in 2004, when she came forward to report her rape, and continued thereafter.  *Id.,* ¶ 6.  She claims that she was harassed, discriminated against and ultimately terminated from employment at the University in retaliation for coming forward to report rape and purportedly complaining about a hostile work environment to which she was being subjected, and for the University's noncompliance with Title IX—even though she simultaneously concedes that she never made any such complaints.  *Id.,* ¶¶ 19, 43, 49.

The plaintiff alleges two Counts in her Complaint:  (1) retaliation in violation of Title VII, 42 U.S.C. 2000e-1 et seq; and (2) retaliation in violation of

the Connecticut Fair Employment Practices Act ("CFEPA"), General Statues § 46a-60.[1]

B.      Procedural History

On December 27, 2013, the plaintiff filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO") a complaint alleging discrimination, harassment and retaliation in violation of the CFEPA and Title VII, 42 U.S.C. 2000e-1 et seq.  See Affidavit of Kevin C. Shea in Support of Motion to Dismiss ("Shea Affidavit")[2], ¶ 3.  On March 5, 2014, the CHRO dismissed the complaint for failure to state a claim because the discriminatory acts alleged by the plaintiff did not fall within the 180 day filing

---

[1] In the first paragraph of the Complaint, the plaintiff states that, "[t]his is a tort action alleging violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 et seq." However, the plaintiff fails to make any claim for damages for a violation of Title IX, or to even allege a cause of action for a violation of Title IX.  Because she has failed to state a prima facie case for retaliation, as demonstrated *infra* at pp. 14-17, the Court should not even reach her allegations that the University somehow violated her Title IX rights, which do not comprise a cause of action here in any event.

[2] The Court may review Attorney Shea's affidavit in considering this Motion to Dismiss.  See *Russell* v. *Yale University*, 54 Conn. App. 573, 577 (1999) ("A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.")

period.[3]  *Id.*, ¶ 4.  Subsequently, on January 24, 2014, the plaintiff brought a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of sex and retaliation, which was dismissed by the EEOC on January 28, 2014, as having not been timely filed.  *Id.*, ¶¶ 6-7.

## II.    Legal Standard

In ruling on a Motion to Dismiss, this Court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor.  See *Carter* v. *University of Connecticut*, 2006 WL 2130730 *1 (D. Conn. 2006) (*Underhill, J.*) (copies of unreported decisions attached hereto in alphabetical order), aff'd, 264 F. App'x 111 (2d Cir. 2008).  In addition to the four corners of the Complaint, this Court is also permitted to consider documents that are referenced in or integral to the Complaint as well as matters that are subject to judicial notice.  See *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Leonard F.* v. *Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).  When a claim includes allegations that are time-barred, it is appropriate to dismiss the

---

[3] On March 14, 2014, CHRO Principal Attorney Charles Krich issued an order stating that reinstatement of the complaint was denied because the complaint was properly dismissed. Shea Affidavit, ¶ 5.

untimely claims.  See e.g., (granting motion to partially dismissed ADEA and Title VII claims that contain time-barred allegations)

Fed R. Civ. P. 12(b)(6)

"A motion to dismiss is properly granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  A motion to dismiss must be decided on the facts as alleged in the complaint.  All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant."  See *Shanks* v. *Walker*, 116 F. Supp. 2d 311, 313 (D. Conn. Aug. 21, 2000) (Internal quotation marks omitted.) (granting motion to dismiss claim for the negligent infliction of emotional distress).  To survive a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] complaint must do more . . . than offer naked assertions devoid of further factual enhancement, and a court is not bound to accept as true a legal conclusion couched as a factual allegation."  *Rahman* v. *Fischer*, 2010 WL 1063835 at *3 (S.D.N.Y. March 22, 2010) (*Cote, J.*).  In addition, the United States Supreme Court addressed the adjudication of a Motion to Dismiss in *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), where it held that, "[t]o survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face." (Internal quotation marks omitted.)

**III.   Argument**

    A.   <u>The plaintiff's Title VII claim set forth in the First Count is time-
barred because she failed to file a timely charge with the EEOC.</u>

Under Title VII, a claimant may bring suit in federal court only if she has
filed a timely complaint with the EEOC and obtained a right-to-sue letter. *See*
42 U.S.C. § 2000e–5(e) and *Legnani* v. *Alitalia Linee Aeree Italiane, S.P.A*, 274
F.3d 683, 686 (2d Cir. 2001). Further, "[e]xhaustion of administrative remedies
through the EEOC is 'an essential element' of the Title VII . . . statutory
schemes and, as such, a precondition to bringing such claims in federal court."
*Id.*

As the Second Circuit Court has held, "as a general matter, the failure to
exhaust administrative remedies is a precondition to bringing a Title VII claim
in federal court, rather than a jurisdictional requirement." *Francis* v. *City of
New York*, 235 F.3d 763, 768 (2d Cir. 2000); see also *Id.* at 767, quoting *Zipes*
v. *Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127 (1982) ("[F]iling a
timely charge of discrimination with the EEOC is not a jurisdictional

prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). While the parties or the court may waive this precondition, such a waiver has neither been made by the University nor is it appropriate for the Court to declare here. Indeed, the plaintiff has loosely alleged purported discrimination and retaliation dating back to *2004*. Clearly it is not timely or proper for her to raise these claims *ten years later*. Further, the plaintiff has not alleged—because she cannot—any actions on the part of the University that might toll the statute of limitations. Moreover, though not a jurisdictional requirement, the Court has held that the requirement that a claimant file a timely charge with the EEOC "stands as an essential element of Title VII's statutory scheme, . . . and one with which defendants are entitled to insist that plaintiffs comply." (Citation omitted.)  *Id.*  The Court should, therefore, dismiss this Title VII claim where the plaintiff failed to comply with an "essential element"[4] of the Title VII statutory scheme.

_____

[4] It bears emphasis that the plaintiff has not alleged that she filed a CHRO or an EEOC complaint, let alone that she filed *timely* complaints with these agencies.

Courts have recognized an exception to this rule, permitting the pursuit of claims not asserted before the EEOC in a subsequent federal lawsuit when the claims are reasonably related to those filed with the EEOC. *Legnani, supra,* 274 F.3d at 686. This exception is not applicable in the present case, however, because the plaintiff failed to file a timely charge with the EEOC, as confirmed by the dismissal of the plaintiff's complaint with the EEOC. See dismissal attached as Exhibit C to Shea Affidavit. In *Kelly* v. *American Medical Response, Inc.,* 2009 WL 2450730 (Conn. Super. July 7, 2009) (*Licari, J.*), the plaintiff filed a six-count complaint against his former employer. The defendant moved to dismiss two counts alleged pursuant to CFEPA on the ground that the plaintiff failed to file timely a complaint with the CHRO. *Id.* at *1.

In *Kelly,* the plaintiff argued that his complaint with the CHRO was timely filed because he concurrently filed a complaint with the EEOC. *Id.* at *2. The Court considered the federal case law cited by the plaintiff, including *Javier, supra,* to determine whether the CFEPA counts could "relate back" to the complaints alleged in his EEOC complaint. The Court ultimately determined that the case law did not inform its decision because *timely* CHRO and EEOC complaints were filed in the federal cases cited by the plaintiff,

8

whereas the plaintiff in *Kelly* failed to file a timely CHRO complaint.  *Id.* at \*3.
The Court further held that, "[i]n order for the 300-day period to be applicable
to federal claims, the aggrieved party must first initiate 'proceedings with a
State or local agency with authority to grant or seek relief from such practice,'
such as the CHRO.  See 42 U.S.C. § 2000e-5(e)(1).  *Such filing must be timely.*"
(Emphasis added.)  *Id.* at \*4.  The Court ultimately dismissed the two CFEPA
counts based on its analysis.

In the present case, the plaintiff likewise failed to file a timely complaint
with the EEOC, as confirmed in the EEOC's decision dismissing the plaintiff's
claim.  See Dismissal, attached as Exhibit C to Shea Affidavit.  As such, there
are no timely-filed claims to which the plaintiff's claims in the present lawsuit
can relate back, and the exception does not apply.

The plaintiff has failed to comply with an essential precondition to
asserting a claim pursuant to Title VII by failing to file a timely charge with the
EEOC.[5]  As such, she should be precluded from asserting that claim here, and

---

[5] Pursuant to 42 U.S.C. 2000e-5(e)(1), "in a case of an unlawful employment practice with
respect to which the person aggrieved has initially instituted proceedings with a State or local
agency with authority to grant or seek relief from such practice or to institute criminal
proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or
on behalf of the person aggrieved within three hundred days after the alleged unlawful

it should be dismissed.  See *Hewitt* v. *New York City Dept. of Health and Mental Hygiene*, 535 Fed. Appx. 44, 45 (2d. Cir. 2013) (Second Circuit upheld dismissal of plaintiff's discrimination complaint, holding that, "[a]s a precondition to filing an action in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII"), a litigant must first have exhausted her administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").").

    B.    <u>The plaintiff's CFEPA claim set forth in the Second Count is time-barred because she failed to file a timely charge with the CHRO.</u>

CFEPA specifies that an individual who has "timely filed a complaint with the Commission on Human Rights and Opportunities" regarding an alleged discriminatory practice "and who has obtained a release from the commission . . . may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred." See General Statutes § 46a-100.  These are mandatory prerequisites with which a claimant

---

employment practice occurred."  The plaintiff filed her complaint with the EEOC on January 24, 2014.  As such, the latest date on which she could have alleged discrimination was March 31, 2013, and she does not.  She alleges that she "endured retaliation" "from 2004 when Ms. Mateljevic was a graduate student to 2012."  Complaint, ¶ 41.  Further, she alleges that she was told on December 11, 2012 that she did not have a job next year.  *Id.*, ¶ 36.  The plaintiff failed to allege any act of discrimination after March 31, 2013, and her EEOC claim was therefore untimely.

must comply prior to filing a lawsuit.  Indeed, the Court has held that, "[t]he

words of [General Statutes §§ 46a-100 and 46a-101] are not ambiguous and

there is little need to look beyond their plain meaning to recognize that they

permit an aggrieved complainant to sue in the Superior Court but circumscribe

the right to sue by imposing mandatory preconditions."  (Internal quotation

marks omitted.)  *Brightly* v. *Abbott Terrace Health Centers, Inc.*, 2001 WL

256228 at *2 (Conn. Super. Feb. 27, 2001) (*Rogers, J.*).

>   Connecticut courts have held that,
>
>   while compliance with § 46a-82(e) is "mandatory," a complainant's failure
>   to do so does not deprive the commission of subject matter jurisdiction.
>   *Williams v. Commission on Human Rights and* Opportunities, 257 Conn.
>   258, 284, 777 A.2d 645 (2001).  The court explained that "if a time
>   requirement is deemed to be mandatory, it must be complied with,
>   absent such factors as consent, waiver or equitable tolling ... [T]hus the
>   commission *could* properly dismiss [a complaint] if it was not filed within
>   180 days of the alleged act of discrimination." (Emphasis in original.)  *Id.*
>   The trial courts in this and the federal arena have extended this
>   conclusion to judicial actions premised on CFEPA, that is, they have
>   determined that courts also can properly decline to consider allegations
>   that occurred more than 180 days before the date that the plaintiff filed a
>   complaint with the CHRO.

*Tosado* v. *State*, 2007 WL 969392 at *2 (Conn. Super. March 15, 2007) (*Gilardi,*

*J.*).  In the present case, this Court should decline to consider the plaintiff's

CFEPA count, as all of her allegations occurred more than 180 days prior to

the date the plaintiff filed a complaint with the CHRO, as is confirmed by the CHRO's dismissal of the plaintiff's complaint as untimely.[6]  See Dismissal, attached as Exhibit A to Shea Affidavit.  Further, the plaintiff's Complaint reveals that she has loosely alleged purported discrimination and retaliation dating back to *2004*.

Moreover, neither waiver nor equitable tolling applies here.  First, the University has not waived the defense that the plaintiff's CFEPA claim is untimely.  Second, the plaintiff has not alleged—because she cannot—any actions on the part of the University that might toll the statute of limitations. As such, the Court should determine that the plaintiff's CFEPA claim is time-barred.  See *Kahn* v. *Fairfield University*, 357 F.Supp.2d 496, 503 (D. Conn. 2005) (*Hall, J.*) (Court granted summary judgment with respect to plaintiff's CFEPA claim, holding "[w]hile the 180 day time requirement for filing a discrimination petition pursuant to § 46a-82 (e) is not jurisdictional, but

---

[6] General Statutes § 46a-82(f) provides that, "[a]ny complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination."  The plaintiff filed her complaint with the CHRO on December 27, 2013.  As such, the latest date on which she could have alleged discrimination was July 1, 2013, and she does not.  She alleges that she "endured retaliation" "from 2004 when Ms. Mateljevic was a graduate student to 2012."  Complaint, ¶ 41.  Further, she alleges that she was told on December 11, 2012 that she did not have a job next year.  *Id.*, ¶ 36.  The plaintiff failed to allege any act of discrimination after July 1, 2013, and her CHRO claim was therefore untimely.

rather, is subject to waiver and equitable tolling, . . . neither waiver nor equitable tolling applies in the instant case. The University has not waived the defense. Furthermore, Kahn has not alleged, let alone come forward with evidence of, any actions by the University that might result in tolling of the statute of limitations. Thus, Kahn's claims pursuant to the CFEPA are time-barred.") (citation omitted; internal quotation marks omitted.).  Because the plaintiff failed to comply with the mandatory prerequisites set forth in General Statutes §§ 46a-100 and 46a-101, the Court should dismiss her CFEPA claim as untimely.

As with Title VII claims, however, the Court has carved out an exception to this rule by permitting a plaintiff to assert in a lawsuit claims that are "'reasonably related' to those in the complaint filed with the CHRO."  See *Ghaly, M.D.* v. *Simsarian, et al.*, 2009 WL 801636 at * (D. Conn. March 26, 2009) (*Thompson, J.*), citing *Javier* v. *Deringer-Ney, Inc.*, 578 F.Supp.2d 368, 372 (D. Conn. 2008).  This exception to the rule does not apply here, however, where the underlying CHRO claim was not timely filed, as confirmed by the dismissal of the plaintiff's complaint with the CHRO.  See Dismissal attached as Exhibit A to Shea Affidavit.  The University incorporates its analysis as set

13

forth above at pages 8-10.  Because this exception does not apply, the Court should dismiss the plaintiff's CFEPA claim as untimely.  See *Kahn* v. *Fairfield University, supra*, 357 F.Supp.2d at 503.

      C.    <u>The plaintiff has failed to state a claim under either CFEPA or Title VII because she has failed to allege that she engaged in any protected activity.</u>

In order to establish a case for retaliation for opposing a discriminatory employment practice under CFEPA or Title VII, the plaintiff must show that: (1) she participated in a protected activity; (2) the defendant knew of the protected activity; (3) an adverse employment action was taken against her; and (4) a causal connection between the protected activity and the adverse employment action.  *Ayantola* v. *Board of Trustees of Technical Colleges*, 116 Conn. App 531, 536 (2009); *Gordon* v. *New York City Board of Education*, 232 F.3d 111, 113 (2000).[7]  Here, the plaintiff fails on at least the first prong, as she has failed to allege that she engaged in any protected activity.

---

[7] It also bears emphasis that the United States Supreme Court recently addressed the proper causation standard for retaliation claims.  Based on its extensive statutory analysis of the antiretaliation provision in Title VII, the Court confirmed that such claims "require proof that the desire to retaliate was the *but-for cause* of the challenged employment action." (Emphasis added.)  *University of Southwestern Medical Center* v. *Nassar, supra*, 133 S.Ct. at 2528.  This is a standard the plaintiff is undoubtedly unable to meet if the Court ultimately considers the substance of her retaliation claims.

14

The Court has defined a "protected activity" as follows:

> To establish that his activity is protected under Title VII, a plaintiff need not prove the merit of his underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed. . . .   In addition to protecting the filing of formal charges of discrimination, § 704(a)'s opposition clause protects as well informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges.

(Citations omitted.)  *Sumner* v. *U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).

In her Complaint, the plaintiff has failed to allege that she engaged in any protected activity, period.  The sole "complaint" she claims to have made to the University is her report in 2004 about her allegedly having been raped by a man, unaffiliated with the University, with whom she was involved.  See Complaint, ¶¶ 5, 6, 17, 18.  Even if the plaintiff did report to University personnel the fact that she was allegedly raped, her making this report does not constitute protected activity, as she made no charges—formal or informal— of any unlawful discriminatory activity on the part of the University in connection with her rape.

15

Moreover, she specifically alleged that she did *not* complain about any alleged "hostile academic and work environment" to which she was purportedly subjected when she was a first year graduate student.  Complaint, ¶ 19.  She also alleges that in April 2011, several University students filed a complaint with the Department of Education's Office for Civil Rights alleging violations of students' rights under Title IX but does *not* claim that she had any involvement with that complaint.  *Id.*, ¶ 33.

The plaintiff does summarily allege that she was retaliated against "in response to her complaints about the hostile work environment to which she was being subjected" and "for coming forward to report rape and complaining about the hostile work environment to which she was being subjected, and for Yale University's noncompliance with Title IX."  Complaint, ¶¶ 41, 43, 49.  As set forth above, however, the plaintiff has failed to allege any facts to support her claims that *she* made complaints about a supposed hostile work environment or for the University's purported noncompliance with Title IX.  In fact, she is careful to note that she did *not* complain about the alleged hostile work environment and that merely "Yale students" complained about noncompliance with Title IX.

Additionally, as set forth above, her report about her having been raped by a man with whom she was involved and who had absolutely no affiliation with the University did not constitute a protected activity under Title VII or CFEPA. As such, without more to substantiate these summary allegations, the plaintiff has not met her burden of showing the first element of a prima facie case of retaliation under CFEPA and Title VII, namely, involvement in a protected activity, and both counts for retaliation should be dismissed. See *Loos* v. *Club Paris, LLC*, 684 F.Supp.2d 1328, 1334 (M.D. Fl. 2010) ("Here, Plaintiff has not alleged any facts indicating participation in a protected activity such as testifying, assisting, or participating in any investigation, proceeding, or Title VII litigation for which she endured an adverse employment action. . . . Without more, the conclusory allegation of gender discrimination and retaliatory action 'because of her opposition to Club Paris' unlawful employment practices' is insufficient for a prima facie case.").

## IV.    Conclusion

The plaintiff's two-count Complaint should be dismissed here based on both the untimeliness of the claims asserted in the First and Second Counts and their  failure to state claims upon which relief can be granted.  The plaintiff

17

is attempting to bring an action involving events that occurred as far back as 2004, which is simply improper under both Title VII and CFEPA, particularly where both her CHRO and EEOC charges were dismissed as untimely. Because both her EEOC and CHRO complaints were dismissed as untimely, the Court should not entertain her claims here, which are based on the claims asserted in those complaints. In addition, the plaintiff has failed to allege any protected activity whatsoever. While she goes to great lengths to allege the countless ways in which she believes she was wronged during her tenure as a graduate student and an employee at the University, she has failed to allege any point at which she complained to the University of this purported wrongful treatment. Accordingly, she has failed to demonstrate the first required element of a claim for retaliation under both Title VII and CFEPA. For the reasons set forth more fully above, the Court should dismiss the plaintiff's Complaint in its entirety.

THE DEFENDANT

By: _____

Kevin C. Shea (ct13781)
Clendenen & Shea, LLC
400 Orange St.
New Haven, CT 06511
Tel:  203/787-1183
Fax: 203/787-2847

CERTIFICATION:

This is to certify that a copy of the foregoing has been sent to all required

notification parties either via operation of the Court's electronic notification

system or by first-class mail, postage pre-paid to anyone unable to accept such

notification on this 25th day of August 2014.

_____

CLENDENEN & SHEA, LLC

19